IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEREMY COLTON LIGHT,

        Plaintiff,

v.                                                CIVIL ACTION NO.   2:20-cv-00443

JIM JUSTICE, et al.,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff's Complaint. (ECF No. 2.) By Standing Order entered in this case on June 30, 2020, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley filed his PF&R on May 30, 2023, recommending this Court dismiss the complaint for three independent reasons. (ECF No. 6.) First, Plaintiff failed to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 4.) Second, Plaintiff has been released from custody, which moots his case and requires dismissal under Rule 12(h)(3). (*Id.*) Third, Plaintiff failed to update his address following release from custody, thus warranting dismissal under Rule 41(b). (*Id.*)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder*

*v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on June 16, 2023. (ECF No. 6 at 10.) Plaintiff filed a single-page objection on June 14, 2023. (ECF No. 7.) In his objection, Plaintiff asserts that dismissal under Rule 41(b) is inappropriate as he received the PF&R, which proves that he updated his address and complied with the Court's order. (*Id.*)

The Court agrees. For that reason, Plaintiff's complaint should not be dismissed under Rule 41(b), and the Court **SUSTAINS** this objection. However, the rest of Plaintiff's single-page objection lodges one generalized, conclusory objection to Magistrate Judge Tinsley's recommendation. For that reason, the Court **ADOPTS** the PF&R, (ECF No. 6), **OVERRULES** the remaining objection, (ECF No. 7), and **DISMISSES** this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 4, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE